**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

|  |  |
|---|---|
| ALLEN WOLFSON,<br><br>            Plaintiff,<br><br>      v.<br><br>ABRAHAM MOSKOWITZ,<br><br>            Defendants. | Case No. 2:05-CV-799 DB<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT** |

Plaintiff, Allen Wolfson, a Utah citizen presently incarcerated in Brooklyn, New York, filed this *pro se* civil rights suit under 42 U.S.C. § 1985. *See* 42 U.S.C.A. § 1985 (West 2007). Plaintiff's motion to proceed *in forma pauperis* was granted. *See* 28 U.S.C.A. § 1915 (West 2007). This case is now before the Court for screening under 28 U.S.C. § 1915(e). *Id.*

### ANALYSIS

#### I. Screening Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would

be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Id.*  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Id.*

## II. Sufficiency of Plaintiff's Complaint

Plaintiff's Complaint asserts that Defendant, a licensed attorney in the State of New York, conspired to deprive Plaintiff of equal protection of the laws in violation 42 U.S.C. § 1985(3).[1]  Specifically, Plaintiff alleges that Defendant, who

---

[1] 42 U.S.C. § 1985(3) states:
(3) Depriving persons of rights or privileges
If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of

was hired to represent Plaintiff on criminal bribery charges, beached his "fiduciary and ethics responsibility to plaintiff." (Compl. at 3.)  Plaintiff asserts that Defendant's alleged legal malpractice amounted to a violation of Plaintiff's right to due process and equal protection under the Constitution.  Plaintiff seeks compensatory and punitive damages and costs.

The Supreme Court has held that "in order to prove a claim under § 1985(3), a plaintiff must show (1) a conspiracy; (2) to deprive [the Plaintiff] of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Griffin v. Breckenridge*, 403 U.S. 88, 102 91 S. Ct. 1790, 1798 (1971). Moreover, "the conspiracy not only must have as its purpose the

---

equal privileges and immunities under the laws;  or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy;  in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

deprivation of 'equal protection of the laws,' but also must be motivated by 'some racial, or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *United Brother hood of Carpenters & Joiners of America v. Scott*, 463 U.S. 825, 839-30, 103 S. Ct. 3352, 3356-57 (1983) (quoting *Griffin*, 403 U.S. at 102.)  The Tenth Circuit has noted that the "class-based animus" requirement has been narrowly construed. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), *cert. denied*, 510 U.S. 1093, 114 S. Ct. 925 (1994).

    Plaintiff's complaint does not satisfy the requirements of a § 1985(3) conspiracy claim.  To state a claim under Section 1985 Plaintiff must show that Defendant intended to deprive Plaintiff of a right guaranteed against private impairment. *See Bray v. Alexandria Women's Health Clinic 506 U.S. 263*, 274, 113 S. Ct. 753, 762 (1993)("A § 1985(3) private conspiracy 'for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws,' requires an intent to deprive persons of a right guaranteed against private impairment.").  Plaintiff has not made such a showing.  In essence, Plaintiff's allegations support only a claim of legal malpractice.  Such a private tort, however, is not protected under the United States Constitution against private impairment.

    In addition, Plaintiff does not adduce any facts to support

the conclusion that the vaguely described conspiracy he alleges was motivated by a racial or otherwise invidious animus. The Supreme Court has explained that "[t]he language [of § 1985(3)] requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102. Plaintiff does not allege any facts showing that Defendant's allegedly conspiratorial acts were intended to deprive Plaintiff of equal protection based on his race, or some other class-based, invidiously discriminatory animus.

Because Plaintiff fails to allege any facts showing that Defendant conspired to deprive Plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws, the Court concludes that Plaintiff's Complaint fails to state a viable claim for relief under 42 U.S.C. § 1985(3).

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a claim on which relief can be granted. *See* 28 U.S.C.A. § 1915 (West 2007).

DATED this 12 day of December, 2007.

BY THE COURT:

_____
Dee Benson
United States District Judge