IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| ALLEN WOLFSON,<br><br>  Plaintiff,<br><br>vs.<br><br>AVRAHAM MOSKOWITZ,<br><br>  Defendant. | **ORDER**<br><br>Case No: 2:05-CV-799<br><br>Judge Dee Benson |

On December 12, 2007, Plaintiff's Complaint was dismissed under 28 U.S.C. § 1915(e) for failure to state a claim on which relief can be granted and Plaintiff's case was closed. Thereafter, Plaintiff's filing titled "Motion to Amend and Not Dismiss" was submitted to the Court. The Court assumes that Plaintiff is either moving the Court to allow Plaintiff to amend the Complaint or is asking the Court to reconsider its dismissal of the Complaint.

As an initial matter, the Court notes that Plaintiff is proceeding *pro se* in this matter. Accordingly, the Court construes his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Notwithstanding, Plaintiff has failed to recognize that his Complaint was already dismissed and the case was closed; thus, there is no complaint for Plaintiff to amend.

Furthermore, there is no "motion for reconsideration" under the Federal Rules of Civil Procedure. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). When a litigant is not satisfied with an adverse judgment, the rules allow the litigant to file either: (1) a "Motion to Alter or Amend Judgment" pursuant to Fed. R. Civ. P. 59(e); or (2) a motion for "Relief From Judgment or Order" pursuant to Fed. R. Civ. P. 60(b). *Id.* "Which rule applies to a motion

depends essentially on the time a motion is served." *Id*. When a motion of this type is filed more than ten days after entry of judgment it cannot be considered a Rule 59(e) motion and is instead a Rule 60(b) motion. Here, Plaintiff's motion was not served within ten days of December 12, 2007 and it must therefore be construed as a Rule 60(b) motion.

A Rule 60(b) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Having considered its prior ruling, the Court is satisfied it neither misapprehended the facts nor the law in dismissing Plaintiff's previous Complaint. Defendant's motion is accordingly DENIED.

IT IS SO ORDERED.

DATED this 31st day of January, 2008.

_____
Dee Benson
United States District Judge